UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

ANA P. RODRIGUEZ,                              Civil Action No.:

                    Plaintiff,

                                             **NOTICE OF REMOVAL**
   -against-

                                                   **Westchester County**
HOMEGOODS, THE TJX COMPANIES, INC. and         **Index No.: 61753/2022**
PALMER SQUARE LLC,

                    Defendants.

------------------------------------------X

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:**

     Defendants, HOMEGOODS, INC. s/h/a HOMEGOODS and THE TJX COMPANIES, INC. (hereinafter collectively "TJX"), by their attorneys, SIMMONS JANNACE DELUCA, LLP, upon information and belief, respectfully petitions the Court, pursuant to 28 U.S.C. § 1441, as follows:

     1.   The above-captioned civil action was commenced and is now pending in the Supreme Court of the State of New York, County of Westchester bearing Index Number 61753/2022. A trial has not yet been had therein. A copy of the Summons and Verified Complaint is annexed as **Exhibit "A"**.

     2.   The action seeks monetary damages for injuries allegedly suffered by plaintiff, ANA P. RODRIGUEZ, while on the premises of the defendants' store. The plaintiff's Complaint sounds in negligence.

3. The action involves a controversy between citizens of different states, in that: (a) plaintiff is a citizen of the State of New York; (b) THE TJX COMPANIES, INC. is now, and was at the time the action was commenced, a corporation incorporated in the State of Delaware with its principal place of business in the State of Massachusetts; and (c) HOMEGOODS, INC. s/h/a HOMEGOODS is now, and was at the time the action commenced, a corporation incorporated in the State of Massachusetts with its principal place of business in the State of Massachusetts.

4. Plaintiff also sued the out of possession landlord, PALMER SQUARE LLC, a New York Domestic Limited Liability Company, who has not yet appeared in this action. Notwithstanding, PALMER SQUARE LLC, is a nominal party. As such, its citizenship does not destroy diversity.

5. Diversity jurisdiction is generally determined by the face of the Complaint. However, an exception to this rule exists where non-diverse defendants are fraudulently joined.

6. PALMER SQUARE LLC is an absentee landlord, which did not operate or maintain the interior of the subject premises where plaintiff's accident allegedly occurred. See Felipe v. Target Corporation, 572 F.Supp.2d 455 (S.D.N.Y. 2008); See also Worth Distrs. V. Lathan, 59 N.Y.2d 231 (1983).

7. It cannot be disputed that PALMER SQUARE LLC, as an absentee landlord, has no responsibility to operate, maintain,

2

clean or repair the interior of the store or any platforms therein. As plaintiff alleges a trip and fall from an elevated platform display in the premises, PALMER SQUARE LLC, would have no liability for the alleged condition.

8. As TJX seeks removal based upon fraudulent joinder and diversity of citizenship, PALMER SQUARE LLC's presence does not defeat diversity. Under fraudulent joinder, "courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2001); Allied Programs Corp. v. Puritan Ins. Co., 592 F. Supp. 1274, 1276 (S.D.N.Y. September 13, 1984) (quoting Nosonowitz v. Alleghany Beverage Corp., 463 F. Supp. 162, 163 [S.D.N.Y. January 12, 1978]) (joinder is fraudulent when "there can be no recovery [against the defendant] under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard").

9. The amount in controversy exceeds $75,000. The Complaint alleges, inter alia, that plaintiff is entitled to damages in the sum which exceeds the sum or value established by 28 U.S.C. § 1332(a) exclusive of interest and costs.

10. Written notice of the filing of this Notice of Removal will be given to plaintiff promptly after the filing of this Notice.

11. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Court of the Supreme Court of the State of New York, County of Westchester promptly after the filing of this Notice.

12. Attached to this Notice, and by reference made a part hereof, are true and correct copies of all process and pleadings filed herein.

13. By filing this Notice of Removal, TJX does not waive any defense which may be available to it, specifically including, but not limited to, its right to contest *in personam* jurisdiction over plaintiff's improper service of process and the absence of venue in this Court or the Court from which this action has been removed.

**WHEREFORE**, TJX prays that the above-captioned action now pending in the Supreme Court in the State of New York, County of Westchester, be removed therefrom to this Court.

Dated: Hauppauge, New York
July 28, 2022

Simmons Jannace DeLuca, LLP

By: _____
Irina Feferman
Attorneys for Defendants
HOMEGOODS, INC. s/h/a HOMEGOODS
and THE TJX COMPANIES, INC.
**Office & P.O. Address:**
43 Corporate Drive
Hauppauge, New York 11788-2048

```
                            (631) 873-4888

TO:  **PETER MAY, ESQ.**
     **SUBIN ASSOCIATES LLP**
     Attorney for Plaintiff
     **Office & P.O. Address:**
     150 Broadway – 23rd Floor
     New York, New York 10038
     (212) 285-3800
     File No.: 33896

     Palmer Square LLC
     200A Petersville Road
     New Rochelle, New York 10801
721881
```