# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------X
ANA P. RODRIGUEZ

                        Plaintiff(s),

  -against-

HOMEGOODS, THE TJX COMPANIES, INC. AND
PALMER SQUARE LLC

                      Defendant(s).
------------------------------------------------------------------X

**SUMMONS**
Index No.:
Date Purchased
Plaintiff designates
WESTCHESTER
County as the place of trial.
The basis of venue is:
Situs of Occurrence

County of WESTCHESTER

To the above named defendant(s):

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorneys within 20 days after the service of this summons exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
       June 15, 2022

**PETER MAY, ESQ.**
SUBIN ASSOCIATES LLP
Attorneys for Plaintiff
Address and Telephone Number
150 Broadway – 23rd Floor
New York, New York 10038
(212) 285-3800
File No.: 33896

Defendants Address:

HomeGoods
200 Petersville Rd.
New Rochelle, NY 10801

The TJX Companies, Inc.
770 Cochituate Rd.
Framingham, MA 01701

Palmer Square LLC
200A Petersville Rd.
New Rochelle, NY 10801



TJX COMPANIES
JUL 19 2022
RISK MANAGEMENT

FILE: 33896

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X
ANA P. RODRIGUEZ

                                                                                         **VERIFIED COMPLAINT**

                        Plaintiff(s),

      -against-

HOMEGOODS, THE TJX COMPANIES, INC. AND
PALMER SQUARE LLC,

                        Defendant(s).
-----------------------------------------------------------------X

      Plaintiff ANA P. RODRIGUEZ, complaining of the defendants by her attorney, SUBIN ASSOCIATES LLP, upon information and belief, respectfully allege(s):

1. That at all the times herein mentioned, the defendant HOMEGOODS was and still is a corporation doing business in the State of New York.

2. That at all the times herein mentioned, the defendant HOMEGOODS was a partnership duly organized and existing under the laws of the State of New York.

3. That at all the times herein mentioned, the defendant HOMEGOODS was a partnership transacting business in New York.

4. That at all the times herein mentioned, the defendant HOMEGOODS was the owner of the premises located at and known as HomeGoods, 200 Petersville Road, New Rochelle, New York, which included an elevated platform display.

5. That at all the times herein mentioned, the defendant HOMEGOODS, its agents, servants and/or employees, operated the aforementioned premise, including the elevated platform display.

6. That at all the times herein mentioned, the defendant HOMEGOODS, its, agents, servants and/or employees, maintained the aforementioned premises, including the elevated platform display.

7. That at all the times herein mentioned, the defendant HOMEGOODS, its agents, servants and/or employees, managed the aforementioned premises, including the platform display.

8. That at all the times herein mentioned, the defendant HOMEGOODS, its agents, servants and/or employees, controlled the aforementioned premises, including the platform display.

9. That at all the times herein mentioned, the defendant The TJX COMPANIES, INC. was and still is a corporation doing business in the State of New York.

10. That at all the times herein mentioned, the defendant The TJX , INC. was the owner of the premises located at and known as HomeGoods, 200 Petersville Road, New Rochelle, New York, which included an elevated platform display.

11. That at all the times herein mentioned, the defendant The TJX COMPANIES, INC., its agents, servants and/or employees, operated the aforementioned premises, including the elevated platform display.

12. That at all the times herein mentioned, the defendant The TJX COMPANIES, INC., its agents, servants and/or employees, maintained the aforementioned premises, including the elevated platform display.

13. That at all the times herein mentioned, the defendant The TJX COMPANIES, INC., its agents, servants and/or employees managed the aforementioned premises, including the elevated platform display.

14. That at all the times herein mentioned, the defendant The TJX COMPANIES, INC., its agents, servants and/or employees, controlled the aforementioned premises, including the elevated platform display.

15. That at all the times herein mentioned, the defendant PALMER SQUARE LLC was and still is a corporation doing business in the State of New York.

16. That at all the times herein mentioned, the defendant PALMER SQUARE LLC was and still is a limited liability company doing business in the State of New York.

17. That at all the times herein mentioned, the defendant PALMER SQUARE LLC was the owner of the premises located at HomeGoods, 200 Petersville Road, New Rochelle, New York, which included an elevated platform display.

18. That at all the times herein mentioned, the defendant PALMER SQUARE LLC, its agents, servants and/or employees, operated the aforementioned premises, including the elevated platform display.

19. That at all the times herein mentioned, the defendant PALMER SQUARE LLC, its agents, servants and/or employees, maintained the aforementioned premises, including the elevated platform display.

20. That at all the times herein mentioned, the defendant PALMER SQUARE LLC, its agents, servants and/or employees managed the aforementioned premises, including the elevated platform display.

21. That at all the times herein mentioned, the defendant PALMER SQUARE LLC, its agents, servants and/or employees, controlled the aforementioned premises.

22. That at all the times herein mentioned, it was the duty of the defendants, their agents, servants and/or employees, to keep and maintain said premises in a reasonable state of

repair and in a good and safe condition, and not to suffer and permit said premises to become unsafe and dangerous to pedestrians and/or customers.

23. That at all the times herein mentioned, the plaintiff was lawfully upon the aforesaid premises.

24. That on or about 03/15/2021, while plaintiff was lawfully in the aforementioned premises, plaintiff was caused to trip and fall from an elevated platform display and be injured by reason of the negligence, willful, wanton and gross negligence, carelessness and want of proper care of the defendants, their agents, servants and/or employees.

25. That the said incident and resulting injuries to the plaintiff were caused through no fault of her own but were solely and wholly caused by reason of the negligence, willful, wanton and gross negligence of the defendants, agents, servants and/or employees in that the defendants suffered, caused and/or permitted and/or allowed portions of said premises, particularly the elevated platform display to be, become and remain in a dangerous, defective and/or structurally defective, hazardous, unsafe, unsecured, broken, cracked, uneven, unlevel, holey, chipped, peeling, loose condition; in allowing and permitting a large portion of said a elevated platform display to be and remain in such a state of disrepair and/or negligent repair for such a long and unreasonable length of time so as to cause injuries to the plaintiff; in failing to repair and in improperly repairing; in creating and maintaining a menace, hazard, nuisance and trap thereat; in failing to properly maintain said premises and in improperly maintaining said premises; in failing to install handrails and in improperly installing handrails, in failing to install guardrails and in improperly installing guardrails; and in generally being negligent and reckless in the premises; all in violation of the laws, statutes, ordinances and regulations made and

provided for the safe and proper operation, ownership, maintenance and control of said premises. Plaintiff further relies upon the doctrine of Res Ipsa Loquitur.

26. That this action falls within one or more of the exceptions set forth in CPLR 1602.

27. That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; has been and is informed and verily believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage, both compensatory and exemplary in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court.

28. Due to the abovesaid, plaintiff is entitled to damages in the sum which exceeds the sum or value established by 28 USC §1332(a) exclusive of interest and costs.

**WHEREFORE**, the plaintiff demands judgment against the defendant in amounts which exceed the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in amounts to be determined upon the trial of this action, together with the costs and disbursements of this action, and with interest from the date of this accident

DATED:  New York, New York
        June 15, 2022

                                            Yours, etc.

                                            **PETER MAY, ESQ.**
                                            SUBIN ASSOCIATES, LLP
                                            Attorneys for Plaintiffs
                                            150 Broadway
                                            New York, New York 10038

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF NEW YORK  )

I, the undersigned, an attorney admitted to practice in the courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff(s) in the within action; I have read the foregoing **SUMMONS AND COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated: New York, New York
       June 15, 2022

                                                        _____
                                                        **PETER MAY, ESQ.**

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------------X
ANA P. RODRIGUEZ

                                   Plaintiff(s),

    -against-

HOMEGOODS, THE TJX COMPANIES, INC. AND
PALMER SQUARE LLC

                                  Defendant(s).
-------------------------------------------------------------------------X

==========================================================

**SUMMONS AND VERIFIED COMPLAINT**

==========================================================

SUBIN ASSOCIATES, LLP
Attorney(s) for Plaintiff(s)
Address and Telephone Number
150 Broadway 23 Floor
New York, New York 10007
(212) 285-3800
File No.: 33896