USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___9/7/2023_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANA P. RODRIGUEZ,

                       Plaintiff,

     -against-

HOMEGOODS, THE TJX COMPANIES, INC.,
and PALMER SQUARE LLC,

                       Defendants.

---

7:22-CV-06412 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff filed this negligence action in New York state court against Defendants Homegoods, Inc. ("Homegoods"), The TJX Companies, Inc. ("TJX"), and Palmer Square LLC ("Palmer Square") for injuries sustained when Plaintiff slipped and fell from an elevated display at Defendants' store. Defendants Homegoods and TJX removed this case from state court by invoking this Court's diversity jurisdiction. (ECF No. 1.) In so doing, Defendants Homegoods and TJX allege that even though Defendant Palmer Square and Plaintiff are both New York citizens, Palmer Square does not destroy the diversity because Plaintiff has no claim against Palmer Square under New York law. (*Id.*) In other words, Defendants Homegoods and TJX allege that Plaintiff fraudulently joined Defendant Palmer Square to destroy diversity. Presently before this Court is Plaintiff's motion to remand the case back to state court. (ECF No. 30.) For the following reasons, this Court GRANTS Plaintiff's motion.

## BACKGROUND

In a complaint filed in the Supreme Court of the State of New York in Westchester County on June 15, 2022, Plaintiff alleges she tripped and fell from an elevated platform display on Defendants' property. (ECF No. 1-1 at ¶ 24.) Plaintiff alleges that each of Defendants owned, "operated," "maintained," "managed," "controlled," or otherwise retained responsibility for

repairing the property upon which Plaintiff was injured (the "Demised Premises").  (*See generally id.*)  Defendants Homegoods and TJX filed a notice of removal to federal court on July 28, 2022, alleging therein that Palmer Square is a "nominal party" whose non-diverse citizenship "does not destroy diversity."  (ECF No. 1 at ¶ 4.)  In sum, Defendants argue Palmer Square is an out-of-possession landlord "which did not operate or maintain the interior of the subject premises where [P]laintiff's accident allegedly occurred."  (*Id.* at ¶ 6.).

A lease agreement (the "Agreement") delineates the responsibilities allocated to landlord Palmer Square and those allocated to tenant TJX.  (ECF No. 24-3.)  As stated in Section 8.1 of the Agreement, TJX is "required to maintain . . . the interior of the Demised Premises."  Meanwhile, as stated in Section 8.2, Palmer Square is "required to maintain . . . the foundation, the roof, the exterior walls, the roof drainage system, the canopy, [and] the structural parts of the Demised Premises."  Moreover, Section 8.2 also requires Palmer Square to "make any repairs to the property [TJX] is required to maintain"—that is, the interior of the Demised Premises—"which are required as a result of a defect in, or failure of repair of, the property [Palmer Square] is required to maintain."  Lastly, TJX agreed in Section 9.1 not to "make any alterations" to "structural parts of the Demised Premises" without first receiving approval from Palmer Square.

## LEGAL STANDARDS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  The removal jurisdiction of the federal courts is limited and should be "scrupulously confined."  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).  "Removal jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and

because removal of a case implicates significant federalism concerns." *In re NASDAQ Mkt. Makers Antitrust Litig.*, 929 F.Supp. 174, 178 (S.D.N.Y.1996)).

Section 1447(c) states, in relevant part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Commercial Workers Union, Local 919, AFL–CIO v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (internal citations omitted). In a case where removal of the action is based on diversity, the court "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004); *see Albstein v. Six Flags Entm't Corp.*, No. 10 Civ. 5840(RJH), 2010 WL 4371433, at *2 (S.D.N.Y. Nov. 4, 2010) ("Where removal is predicated on diversity, the parties must be diverse both at the time of removal and at the time the state court complaint was filed.").

On a motion for remand, the removing defendant "bears the burden of demonstrating the propriety of removal." *California Pub. Emps.' Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citations omitted); *see also Veneruso v. Mount Vernon Neighborhood Health Ctr.*, No. 09–CV–8703, 2013 WL 1187445, at *2 (S.D.N.Y. Mar. 22, 2013) ("As a general matter, the party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court."). Furthermore, "[w]hen a party removes a state court action to the federal court on the basis of diversity of citizenship, and the party seeking remand challenges the jurisdictional predicate for removal, the burden falls squarely upon the removing party to establish its right to a

federal forum by competent proof." *R.G. Barry Co. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d. Cir. 1979) (internal quotations omitted).

Federal district courts have original jurisdiction over civil matters "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "Complete diversity of citizenship of the parties is required, since an 'action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (citing 28 U.S.C. § 1441(b)). Complete diversity does not exist if any plaintiff has the same citizenship as any defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88 (2005); *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). However, "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460–61 (2d Cir. 1998). The appropriate challenge by a removing defendant claiming that a diversity-destroying party has no connection to the controversy would be to assert that there was "fraudulent joinder" of a non-diverse party. *Id.*

The removing defendant "must show fraudulent joinder by clear and convincing evidence." *Sonnenblick–Goldman, Co., v. ITT Corp.*, 912 F.Supp. 85, 88 (S.D.N.Y. 1996). "In order to show that naming a non-diverse defendant is a 'fraudulent joinder' effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia*, 138 F.3d at 461; *see also Sonnenblick–Goldman*, 912 F.Supp. at 88 ("In evaluating

the existence of fraudulent joinder, the Court must determine whether the mere possibility exists

that plaintiff can establish any cause of action against a defendant.").  The court may look outside

the pleadings to determine whether to apply the fraudulent joinder doctrine.  *See Buildings and*

*Const. Trades Council of Buffalo, N.Y. and Vicinity v. Downtown Dev., Inc.*, 448 F.3d 138, 150

(2d Cir. 2006) ("Although this ruling required the district court to look outside the pleadings, a

court has discretion to do so when determining whether it has subject matter jurisdiction.").

Lastly, to determine whether a plaintiff can state a claim against a non-diverse defendant

in state court, the Court must apply New York's liberal pleading standard.  *Battaglia v. Shore*

*Parkway Owner LLC*, 249 F. Supp. 3d 668, 671 (E.D.N.Y. 2017) (citing *MBIA Ins. Corp. v. Royal*

*Bank of Canada*, 706 F.Supp.2d 380, 394 (S.D.N.Y. 2009) (explaining that a plaintiff advancing

under New York's pleading standards need only provide "basic information concerning the nature

of plaintiff's claim and the relief sought")).  As a result, a court assessing fraudulent joinder will

resolve "[a]ll uncertainties in applicable state law . . . in favor of the plaintiff"; put differently, "the

complaint is subjected to less searching scrutiny than on a motion to dismiss for failure to state a

claim."  *Id.* (citations omitted).

## DISCUSSION

Defendants Homegoods and TJX argue Plaintiff cannot maintain her negligence claim

against Defendant Palmer Square because Palmer Square is an "out of possession landlord" who

retains no control over the property upon which Plaintiff's injury occurred.  (Defendants'

Memorandum of Law in Opposition to Plaintiff's Motion to Remand, ECF No. 25 at 6.)  As such,

Defendants argue Palmer Square cannot be held liable under state law for Plaintiff's injury and

that Plaintiff's decision to join Palmer Square to the action was fraudulent and designed to destroy

diversity.

Under New York law, an "out of possession" landlord is not liable for injuries that occur on the landlord's property unless the landlord retained control over the property or is obligated by contract to perform repairs and maintenance." *Grippo v. City of New York*, 846 N.Y.S.2d 264, 265 (2d Dep't 2007). In other words, a landlord avoids liability only if that landlord "completely part[s] with the control of the building." *Williams v. Matrix Fin. Servs. Corp.*, 158 Fed. App'x. 301, 302 (2d Cir. 2005) (citing *Bonifacio v. 910–930 S. Blvd. LLC*, 743 N.Y.S.2d 105, 108 (1st Dep't 2002)). Accordingly, a landlord who retains responsibility for repairing structural defects may wield sufficient control over a property such that a plaintiff may impose liability on that landlord where plaintiff's injuries are caused by a "significant structural or design defect that violates a specific statutory provision." *Battaglia v. Shore Parkway Owner LLC*, 249 F. Supp. 3d 668, 671 (E.D.N.Y. 2017) (citing *Nikolaidis v. La Terna Rest.*, 835 N.Y.S.2d 726, 726–27, (2d Dep't 2007)).

Although Defendant TJX retains responsibility for maintaining the interior of the Demised Premises (Agreement at ¶ 8.1), Defendant Palmer Square retains responsibility for repairing structural defects, such as those related to the foundation, as well as maintaining the Demised Premises' exterior. (*Id.* at ¶ 8.2.) To that end, Palmer Square is also tasked with approving "any alterations to the foundation, roof, exterior walls, gutters, downspouts, canopy, storefront, or any structural parts of the demised premises." (*Id.* at ¶ 9.1.) Moreover, Palmer Square is also responsible for "mak[ing] any repairs to the property [TJX] is required to maintain"—that is, the interior of the Demised Premises—"which are required as a result of a defect in, or failure of repair of, the property [Palmer Square] is required to maintain." (*Id.* at ¶ 8.2.) Conceding that Palmer Square was responsible for repairing structural defects at the Demised Premises (Declaration of Irina Feferman in Opposition to Plaintiff's Motion, ECF No. 24 at ¶ 11), Defendants submit an unsworn recorded statement from Plaintiff and a self-serving affidavit from a store manager to

show Plaintiff was injured by a portable display platform, not a structural part of the building (*see* ECF Nos. 24-2 & 24-4).[1]  Notwithstanding the relative weakness of the evidence submitted by Defendants, Defendants' argument relies too heavily on a factual issue: whether the defect causing Plaintiff's injury was a structural part of the building.  Because this dispositive issue is one of fact, the Court is bound at this stage to resolve it in Plaintiffs' favor.  Even though the Court agrees with Defendants that "'it is unlikely' that Plaintiff's fall was the result of a structural or design defect, so long as that possibility remains open, this court 'cannot conclude at this time that there are no set of facts on which plaintiff could recover.'"  *Castillo v. BJ's Wholesale Club*, No. 22CV01621KAMRLM, 2022 WL 17284794, at *6 (E.D.N.Y. Nov. 29, 2022) (quoting *Battaglia*, 249 F. Supp. 3d at 672).

Defendants support their position by analogy to two unpublished opinions from a sister district, *Desena v. Target Corp.*, No. 21CV02090JSJMW, 2022 WL 1085436 (E.D.N.Y. Mar. 16, 2022), *report and recommendation adopted*, No. 21-CV-2090(JS)(JMW), 2022 WL 969751 (E.D.N.Y. Mar. 31, 2022), and *Raia v. W & S Assocs. L.P.*, 13-cv-02164, ECF No. 17 (E.D.N.Y. July 31, 2013).  In both cases, the courts denied plaintiff's motion to remand on the basis of fraudulent joinder, finding that plaintiff could not sustain negligence claims against non-diverse out-of-possession landlords.  The opinions in both cases make clear that the landlords retained *no* level of control whatsoever in the property upon which plaintiff's injuries occurred: in *Desena*, a parking lot, and in *Raia*, the interior of a restaurant.  Here, the lease agreement affords Palmer Square some level of control—albeit limited—over decisions affecting the Demised Premises' interior, in particular those affecting structural parts of the Demised Premises.  (*See* Agreement at ¶¶ 8.2 & 9.1.)  Whether this level of control is sufficient to impose liability is a question that

---

[1] In the complaint filed in state court, Plaintiff alleges she fell from an "elevated display platform," but she does not suggest this platform was portable or non-structural.  (ECF No. 1-1 at ¶ 24.)

hinges, as other courts have recognized,[2] on whether the dangerous condition on the premises "represents a significant structural or design defect that violates a specific statutory provision." *Battaglia*, 249 F. Supp. 3d at 671 (citations omitted). As discussed above, that question is a factual one and best resolved in state court.

In sum, this Court asks whether a possibility exists—even a remote one—that Plaintiff may sustain a claim under New York's liberal pleading standard against an out-of-possession landlord who retains a level of control—albeit limited—in managing property where Plaintiff sustained an injury. Because this Court is tasked with resolving factual issues and ambiguities in Plaintiff's favor, this Court answers in the affirmative. As such, based on the pleadings and information available to the Court at this stage in the proceeding, the Court finds Defendant Palmer Square was not fraudulently joined and thus the Court grants Plaintiff's motion and remands the case to state court.

## CONCLUSION

Plaintiff's motion to remand is GRANTED. The case is remanded to the Supreme Court of the State of New York, County of Westchester. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 30. The Clerk of Court is further directed to close the case.

SO ORDERED.

Dated:   September 7, 2023
         White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

---

[2] *See Castillo*, 2022 WL 17284794, at *5 (finding that whether or not defendants' submissions—an affidavit and a lease—"clearly established" plaintiff's "alleged lack of control over the premises" to be "ultimately a factual question," one that would require the "inappropriate" adjudication of the merits of the underlying suit); *see also Battaglia*, 249 F. Supp. 3d at 673 ("Here, defendants have failed to meet their burden of establishing, by clear and convincing evidence, that there is no possibility plaintiff can recover from [defendant landlord] in state court. Indeed, the very analysis I would have to engage in as to whether plaintiff's injury was caused by a structural or design defect or a violation of an administrative code would require me to adjudicate the merits of the case. That is not the purpose of the fraudulent joinder inquiry.").